IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

DAVID SHANE TURNER,

     Plaintiff,

v.                          Civ. Action No. 2:20-CV-16
                                    (Judge Kleeh)

NANCY A. TURNER,

     Defendants.


**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]**

Pending before the Court is *Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue Or, in the Alternative, To Transfer Venue to the Middle District of Florida* [ECF No. 5]. For the reasons discussed herein, the Motion is **GRANTED**.


I.    **INTRODUCTION**

On June 26, 2020, Plaintiff David Shane Turner ("Plaintiff") filed a Complaint against Defendant Nancy A. Turner ("Defendant") alleging six (6) causes of action. [ECF No. 1]. Plaintiff brings claims of alleged breaches of Defendant's trustee duties for two revocable trusts, Phyllis J. Daugherty Revocable Trust and David G. Daugherty Revocable Trust. [ECF No. 1, Compl.]. An affidavit of service was returned executed, showing that Defendant was served

Turner v. Turner                                              2:20cv16

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]**

by substitute service under Rule 4 of the Federal Rules of Civil
Procedure on September 11, 2020. [ECF No. 4]. On October 1, 2020,
Defendant filed a Motion to Dismiss Plaintiff's Complaint. [ECF
No. 5]. Plaintiff responded in opposition on October 15, 2020.
[ECF No. 6]. Defendant's reply was filed on October 22, 2020. [ECF
No. 7]. Defendant's Motion to Dismiss [ECF No. 5] is fully briefed
and is the subject of this Memorandum Opinion and Order.

## II.  FACTS

Plaintiff is the son of Defendant and the grandson of David
G. Daugherty, deceased, and Phyllis J. Daugherty, deceased.[1] [ECF
No. 1, Compl. at ¶ 1]. Plaintiff is a resident of Buckhannon, West
Virginia. Id. Defendant is a resident of Bushnell, Florida. Id. at
¶ 2. The David G. Daugherty Revocable Trust dated January 24, 1994
("David Daugherty Trust") was executed by David Daugherty under
the laws of the State of Florida; therefore, the David Daugherty
Trust is a citizen of the State of Florida. Id. at ¶ 3. Similarly,
the Phyllis Daugherty Revocable Trust dated January 24, 1994
("Phyllis Daugherty Trust") was executed by Phyllis Daugherty
under the laws of the State of Florida; therefore, the Phyllis

---

[1] The Court takes the facts from the complaint and construes them
in the light most favorable to Plaintiff Lane. See De'Lonta v.
Johnson, 708 F.3d 520, 524 (4th Cir. 2013).

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]**

Daugherty Trust is a citizen of the State of Florida. Id. at ¶ 4. Plaintiff brings this action to the Northern District of West Virginia under diversity jurisdiction and alleges, as a qualified beneficiary, he is entitled to one half the value of the David Daugherty Trust, overcoming the $75,000.00 threshold. Id. at ¶¶ 5, 46; 28 U.S.C. § 1332.

On the date both trusts were established, David Daugherty was named as initial trustee of the David Daugherty Trust and Phyllis Daugherty was named as initial trustee of the Phyllis Daugherty Trust. Id. at ¶¶ 6-7. On October 31, 2006, David Daugherty died. Id. ¶ at 8. Pursuant to the Last Will and Testament of David Daugherty, after payment of debts and expenses, and distribution of property, all other property was to be distributed as part of the residue of his estate to the trustee of the David Daugherty Trust. Id. ¶ at 9. David Daugherty appointed his wife, Phyllis Daugherty as successor trustee, and Defendant as successor trustee, or second alternative, in the event Phyllis Daugherty would be unable or unwilling to act. Id. at ¶ 10.

On May 16, 2007, Phyllis Daugherty "resigned/waived her ability to serve as executrix of David Daugherty's Last Will and Testament and Mrs. Turner accepted her subsequent appointment as executrix of the Estate of David Daugherty's Last Will and Testament." Id. at ¶ 11. On April 18, 2008, Phyllis Daugherty died

Turner v. Turner                                                    2:20cv16

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]**

and left a Last Will and Testament of Phyllis J. Daugherty. Id. at ¶¶ 13-14. After the payment of debts and expenses, and distribution of property, all other property was to be distributed as part of the residue of her estate to the trustee of the Phyllis Daugherty Trust. Id. ¶ at 14. Likewise to her role of executrix in the Estate of David Daugherty, Defendant accepted her appointment as executrix of the Estate of Phyllis Daugherty. Id. at ¶ 15. Defendant closed Phyllis Daugherty's estate on January 20, 2009, without a final accounting. Id. at ¶ 16.

On January 5, 2007, Defendant was appointed as trustee of the Phyllis Daugherty Trust, and on April 18, 2008, Defendant became successor trustee of the David Daugherty Trust. Id. at ¶¶ 17-18. Relevant to Plaintiff's claims in the Complaint, Defendant "served, or continues to serve, as (A) the executrix of the Estate of David Daugherty; (B) the executrix of the Estate of Phyllis Daugherty; (C) the sole trustee of the David Daugherty Trust, and (D) the sole trustee of the Phyllis Daugherty Trust." Id. at ¶ 19. The David Daugherty Trust Agreement ("Trust Agreement") requires the application of the laws of Florida and granted each successor trustee – pertinent here, Defendant - all of the rights, privileges, and powers, both discretionary and ministerial, granted to the original Trustee and shall incur all of the duties and obligations imposed upon the said original Trustee," which

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]**

are: "[to] keep and maintain adequate books and records reflecting all income and principal transactions, which books and records shall be open at all reasonable times to the inspection of the Beneficiaries of this Trust and their duly authorized representatives." Id. at ¶¶ 20-23. After the deaths of David Daugherty and Phyllis Daugherty, Defendant and Plaintiff are the primary beneficiaries[2] of the David Daugherty Trust. Id. at ¶ 24. "[T]he assets held by the David Daugherty Trust had a value in excess of $600,000.00 upon [Defendant] becoming the trustee." Id. at ¶ 3. Now, "the assets held by the David Daugherty Trust has a current value in excess of $250,000.00." Id. at ¶ 3.

Under the Florida Trust Code, a trustee's duties include the duty to administer the trust in good faith, duty of loyalty, duty of impartiality, duty to administer as a prudent person would, duty to incur only reasonable expenses, duty to protect trust property, duty to clearly identify trust property and to keep accurate records of its administration, duty to inform and account to qualified beneficiaries, and duty to invest trust property in accordance with the law and the prudent investor rule. Id. at ¶ 28. Also under the code, "upon any reasonable request, the trustee

---

[2] "Beneficiary" means a person who has a present or future beneficial interest in a trust, vested or contingent, or who holds a power of appointment over trust property in a capacity other than that of trustee. FLA. STAT. § 736.0103(4) (2007).

Turner v. Turner                                                    2:20cv16

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]**

shall[:] provide a qualified beneficiary with relevant information about the assets and liabilities of the trust along with other particulars about the trust's administration"; "[provide] trust accountings to qualified beneficiaries at least annually as well as upon termination of a trust"; [and] maintain [clear, distinct, and accurate] records of a trust's administration." <u>Id.</u> at ¶¶ 29-31; Fla. Stat. § 736.0103(1).

Plaintiff received a full and accurate copy of the Trust Agreement on June 8, 2020, for the first time, and was never provided the Phyllis Daugherty Trust Agreement. <u>Id.</u> at ¶¶ 37-38. Despite numerous requests by Plaintiff, Defendant has never provided Plaintiff with an accounting of the David Daugherty Trust or the Phyllis Daugherty Trust. <u>Id.</u> at ¶¶ 39-40.

On June 26, 2020, Plaintiff filed a Complaint alleging the following causes of action:

1) Breach Duty to Inform and Account the David Daugherty Trust
2) Breach Duty to Inform and Account the Phyllis Daugherty Trust
3) Breach of Duty of Loyalty owed to the David Daugherty Trust
4) Breach of Duty of Loyalty owed to the Phyllis Daugherty Trust
5) Breach of Duty to Identify Trust Property and Keep Accurate Records of the David Daugherty Trust, and
6) Breach of Duty to Identify Trust Property and Keep Accurate Records of the Phyllis Daugherty Trust

Compl., ECF No. 1.

Turner v. Turner                                              2:20cv16

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]**

### III. <u>LEGAL STANDARD</u>

When a defendant files a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the ultimate burden of showing that jurisdiction exists by a preponderance of the evidence. <u>New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.</u>, 416 F.3d 290, 294 (4th Cir. 2005). However, where a court makes a Rule 12(b)(2) determination without a hearing and based only on the written record, as the Court does here, the plaintiff need only put forth a <u>prima facie</u> showing of jurisdiction "by pointing to affidavits or other relevant evidence." <u>Henderson v. Metlife Bank, N.A.</u>, No. 3:11-cv-20, 2011 WL 1897427, at *6 (N.D. W. Va. May 18, 2011); <u>see also</u> <u>New Wellington Fin. Corp.</u>, 416 F.3d at 294. The Court must then "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." <u>New Wellington Fin. Corp.</u>, 416 F.3d at 294; <u>see also</u> 5B Wright & Miller, Federal Practice and Procedure § 1351 (3rd. ed.).

Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, a federal district court may exercise personal jurisdiction over a defendant to the same degree that a counterpart state court could do so. <u>See</u> <u>Diamond Healthcare of Ohio, Inc. v. Humility of Mary</u>

MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]

Health Partners, 229 F.3d 448, 450 (4th Cir. 2000). Importantly as
a result, for a district court to have jurisdiction over a
nonresident defendant, the exercise of jurisdiction (1) must be
authorized under the state's long-arm statute, and (2) must comport
with the due process requirements of the Fourteenth Amendment.
Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334
F.3d 390, 396 (4th Cir. 2003) (citing Christian Sci. Bd. of Dirs.
of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th
Cir. 2001)). As West Virginia's long-arm statute provides
jurisdiction to the full extent allowable under the United States
Constitution, see W. Va. Code § 56-3-33, the Court need only
consider whether the exercise of personal jurisdiction would
comport with the Due Process Clause.

West Virginia's long-arm statute provides jurisdiction in a
West Virginia court when a defendant is: (1) transacting business
in the State; (2) contracting to supply services or things in the
State; (3) causing injury by an act or omission in the State; (4)
regularly doing or soliciting business, engaging in a persistent
course of conduct, or deriving substantial revenue from goods used
or consumed or services rendered in the State; (5) causing injury
by breach of warranty expressly or impliedly made in the sale of
goods outside the State; (6) having an interest in, using, or
possessing real property in the state; or (7) contracting to insure

Turner v. Turner                                          2:20cv16

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]

any person, property, or risk located within the State at the time of contracting. W. Va. Code § 56-3-33(a)(1)-(7).

For a district court to assert jurisdiction over a nonresident defendant within the confines of due process, the defendant must have "minimum contacts" with the forum state such that it is consistent with "fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The Fourth Circuit, following the United States Supreme Court, states that an out-of-state defendant must have minimum contacts that are purposeful to help "ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum." In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997).

Whether a defendant possesses such minimum contacts is analyzed by looking to whether the plaintiff seeks to establish "specific" or "general" jurisdiction. Specific jurisdiction occurs when the defendant's contacts with the forum state form the basis of the suit. Carefirst, 334 F.3d at 397. In determining whether a defendant's contacts support the exercise of specific jurisdiction, a district court considers the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at

Turner v. Turner                                          2:20cv16

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]**

the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. at 396.

Where the defendant's contacts are unrelated to the basis of the suit, a court must look to the requirements of general jurisdiction. Id. at 397. The standard for finding the existence of general jurisdiction is high: the defendant must have "continuous and systematic" contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416(1984); see also ESAB Group, Inc. v. Centricut, 126 F.3d 617, 623 (4th Cir. 1997) ("[T]he threshold level of minimum contacts sufficient to confer general jurisdiction is significantly higher than for specific jurisdiction."). The hallmark of general jurisdiction is that the defendant's contacts with the forum state are so extensive that it should reasonably foresee being haled into court there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).


**IV.  DISCUSSION**

Defendant filed a motion to dismiss [ECF No. 5] pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, arguing (1) the Court lacks general and specific personal jurisdiction over Defendant thereby requiring a

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]**

dismissal, and in the alternative, (2) a transfer of this case to the Middle District of Florida where Defendant lives would be proper.[3] [See ECF No. 9]. Plaintiff responded in opposition to the motion maintaining Defendant is subject to personal jurisdiction and the complaint survives dismissal because Defendant and/or her authorized agent engaged in repeated direct communications, transmitted documents, and other information about the Trust within the State of West Virginia to the Plaintiff. [ECF No. 6].

Plaintiff falls short of his _prima_ _facie_ burden in the personal jurisdiction inquiry; therefore, the Complaint must be dismissed. Fed. R. Civ. P. 12(b)(2). Defendant persuasively argues the Court does not have personal jurisdiction over Defendant because there are insufficient minimum contacts with the forum State to render the exercise of jurisdiction over the Defendant constitutionally permissible. [See ECF No. 5]. Plaintiff alleges that Defendant, a Florida resident, has sufficient contacts with West Virginia such that she availed herself of this jurisdiction and justifies the Court's exercise of specific jurisdiction. [See ECF No. 6]. Notable to the Court's discussion regarding Defendant's contacts - or lack thereof – Plaintiff alleges that Defendant was

---

[3] Because Plaintiff's Complaint is dismissed for lack of personal jurisdiction, the Court does not analyze Defendant's second argument for dismissal for improper venue under Rule 12(b)(3).

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]**

"put on notice" of this lawsuit being filed in West Virginia when the parties were communicating about Plaintiff's demand for an accounting and additional Trust administration information. Id. It appears these purported communications and document sharing efforts purposefully availed Defendant of the forum state, according to Plaintiff. Id.

However, the Court's analysis here turns on these three factors: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Carefirst, 334 F.3d at 396. "The relationship [among the defendant, the forum, and the litigation] must arise out of contacts that the 'defendant himself' creates with the forum State." Walden v. Fiore, 571 U.S. 277 (2014) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). "Fairness is the touchstone of the jurisdictional inquiry." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 559 (4th Cir. 2014) (internal quotation and citation omitted).

In the business context, the purposeful availment evaluation is: (1) "whether the defendant maintains offices or agents in the forum state;" (2) "whether the defendant owns property in the forum

Turner v. Turner                                          2:20cv16

### MEMORANDUM OPINION AND ORDER GRANTING
### DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]

state;" (3) "whether the defendant reached into the forum state to solicit or initiate business;" (4) "whether the defendant deliberately engaged in significant or long-term business activities in the forum state;" (5) "whether the parties contractually agreed that the law of the forum state would govern disputes;" (6) "whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship;" (7) "the nature, quality and extent of the parties' communications about the business being transacted;" and (8) "whether the performance of contractual duties was to occur within the forum." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 559 (4th Cir. 2014), (quoting Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009) (citations omitted)). In contrast, purposeful availment lacks in cases where "the locus of the parties' interaction was overwhelmingly abroad." Tire Eng'g v. Shandong Linglong Rubber Co., 682 F.3d 292, 302 (4th Cir. 2012).

"The residency of one or more trust beneficiaries or settlors in a forum state alone has been found to be insufficient to find that non-resident trustees meet the purposeful[] availment standard." Hoyt v. Groom, No. 2:18cv02800, 2020 WL 774380, *1, *4 (D.S.C. Feb. 18, 2020) (citing Hanson v. Denckla, 357 U.S. 235, 254 (1958)).

**Turner v. Turner**                                                              **2:20cv16**

MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]

> "[T]he trustee is an indispensable party over
> whom the court must acquire jurisdiction
> before it is empowered to enter judgment in a
> proceeding affecting the validity of a trust.
> It does not acquire that jurisdiction by being
> the 'center of gravity' of the controversy, or
> the most convenient location for litigation.
> The issue is personal jurisdiction, not choice
> of law. It is resolved . . . by considering
> the acts of the trustee."

Hanson v. Denckla, 357 U.S. 235, 254 (1958). In Hanson, the Supreme

Court held that a Florida court could not exercise personal

jurisdiction over an out-of-state trustee based solely on the

contacts of the trust's settlor, who was a domiciliary of Florida

and had executed powers of appointment there, and the trustee had

remitted trust income to the settlor in that state. Id. at 252-

54. Therefore, when no trust assets have "been held or administered

in [the forum state], and the record discloses no solicitation of

business in that State either in person or by mail," such evidence

weighs against a finding of sufficient contacts to exercise

personal jurisdiction. Id. at 251.

The question arises how Defendant Nancy Turner's serving as

a trustee of a Florida trust and allegedly failing to administer

the trust in good faith and provide Plaintiff David Shane Turner

with an accounting of that trust amounts to Defendant's

purposefully availing herself of the privileges of West Virginia

law. Even having only a prima facie burden, Plaintiff reaches here,

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]**

and ultimately fails. Plaintiff provided no evidence that
Defendant targets the forum state – West Virginia - with her
trustee duties or other activity. Defendant and both trusts are
residents of Florida, Defendant has not traveled to West Virginia
for over six (6) years, and has not directed any personal or
business activities to West Virginia since. ECF No. 5 at 13, ECF
No. 51, Def's Dec., ¶ 7. Defendant has "never traveled to West
Virginia in her capacity as Trustee for either the D. Daugherty
Trust or the P. Daugherty Trust." Def's Dec., ¶ 7. Neither trust
owns real property in the State of West Virginia. Id. at ¶ 8. All
trust distributions occurred in the states of Florida and Ohio;
none in West Virginia. Id. at ¶ 14.

While Plaintiff points to two corporations owned in part by
Defendant, Interstate Amusement, Inc. and Daugherty – Gambill,
Inc., which operated and performed carnival and amusement-related
business during the summers in West Virginia from 1991 to 2018,
such evidence does not provide sufficient contacts of the Defendant
within the purview of this suit brought by Plaintiff. ECF No. 6-
1, Ex. A, Affidavit of David Shane Turner, ¶ 3.  Plaintiff
effectively concedes the point in his response.  "Thus, personal
jurisdiction over a defendant is warranted when a defendant has
"purposefully directed" his or her activities at residents of the
forum state **and the litigation arises from and/or relates to the**

**Turner v. Turner**                                                    **2:20cv16**

## MEMORANDUM OPINION AND ORDER GRANTING
### DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]

**defendant's activities.** <u>Keeton v. Hustler Magazine, Inc.</u>, 465
U.S. 770, 774 (1984)." ECF No. 6 at 10-11 (emphasis added). "The
minimum contacts test requires the plaintiff to show that the
defendant 'purposefully directed his activities at the residents
of the forum' and that the plaintiff's cause of action 'arise[s]
out of' those activities." <u>Burger King Corp. v. Rudzewicz</u>, 471
U.S. 462, 473 (1985) (citation and quotations omitted).

Plaintiff goes on to list the five (5) letter correspondences
he or his attorneys have had with Defendant, which certainly does
not avail the defendant of this Court's jurisdiction. <u>Id.</u> at ¶ 12.
The Court also cannot garner from the record – including all the
declarations, affidavits, and exhibits submitted - that Defendant
had fair warning that her trustee duties or other forum-related
activities would subject her to West Virginia's jurisdiction.
There is no evidence relevant to the claims Plaintiff asserts here
that Defendant has contracts to be performed in the state, or
committed any tort in the state, or makes, sells, offers, or
supplies any products in the state. <u>See Universal Leather, LLC v.</u>
<u>Koro AR, S.A.</u>, 773 F.3d 553, 559 (4th Cir. 2014); <u>see also</u> W. Va.
Code § 56-3-33. Any such contacts are wholly unrelated to
Defendant's trustee obligations and performance. Absent some
effort to purposefully avail herself of this forum otherwise, it

Turner v. Turner                                                    2:20cv16

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]**

would be constitutionally unreasonable to force Defendant to defend herself here. See Carefirst, 334 F.3d at 396.

None of the recorded interactions with the forum state are sufficient to support specific personal jurisdiction. General jurisdiction, when a defendant is so "at home" in a forum state that it is subjected to personal jurisdiction, is a harder burden to meet and will not be discussed because Plaintiff failed to show a prima facie case of specific jurisdiction. See ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997) ("the threshold level of minimum contacts sufficient to confer general jurisdiction is significantly higher than for specific jurisdiction."). Because Plaintiff falls short of his prima facie burden in the personal jurisdiction inquiry, the Complaint must be dismissed. Fed. R. Civ. P. 12(b)(2). The court declines to consider Defendant's alternative ground for dismissal under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

### V.    CONCLUSION

For the reasons discussed above, Plaintiff's Complaint is **DISMISSED.** The Motion to Dismiss is **GRANTED** [ECF No. 5].

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record.

**Turner v. Turner**                                                **2:20cv16**

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT NANCY A. TURNER'S MOTION TO DISMISS [ECF NO. 5]**

**DATED:**  September 29, 2021


                              /s/ Thomas S. Kleeh
                              THOMAS S. KLEEH
                              UNITED STATES DISTRICT JUDGE